**Hollis BARKER, Plaintiff-Appellee,**

v.

**David SNYDER, Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Nov. 14, 1980.

Certiorari Denied by Supreme Court
Feb. 2, 1981.

L. Thomas Austin, Dunlap, for plaintiff-appellee.

Sam R. Raulston, Raulston & Swafford, Jasper, for defendant-appellant.

OPINION

CANTRELL, Judge.

The controversy in this case arises from an intersection accident; the appellant asserts that the evidence preponderates against the judgment of the Trial Court.

Cherry Street in the City of Dunlap, Tennessee is a two-way thoroughfare running generally east and west at the point of the accident. The plaintiff, Mr. Barker, was on an unnamed street that intersects Cherry a block west of a traffic light where traffic is required to stop before entering Cherry Street. Mr. Barker testified that he did stop and looked both ways before proceeding. He did not see anyone coming from the direction of the light until he was almost across the street. When he saw the car driven by Mr. Snyder about to strike his car he attempted to accelerate to avoid the oncoming automobile but Mr. Snyder's car struck him on the right rear side.

Mr. Snyder said Mr. Barker pulled out in front of him and he was unable to avoid the collision. There was some discussion at the trial among the lawyers and the Trial Judge about where Mr. Snyder was when he first saw Mr. Barker crossing the street. At one point he said he was at the traffic light, a block away, when he saw Mr. Barker's car halfway across the road. At another point he placed himself already under the light and nearer the scene when he first

saw the car in his lane. The Trial Judge held for the plaintiff, Mr. Barker, and gave judgment in his favor. Implicit in the Court's judgment is the finding that Mr. Barker was free of contributory negligence and that the proximate cause of the accident was the negligence of Mr. Snyder. The substance of all of the issues raised by the appellant is that the preponderance of the evidence is against the judgment.

Of course, the case comes to us with the presumption that it is correct unless the evidence preponderates against the judgment below. T.C.A. § 27–303.

The movement of traffic on the streets and highways of this State is governed generally by statute. These "Rules of the Road" appear in Title 55, Chapter 8, Sec. 101 et seq., of the Tennessee Code. Pertinent to this case is the provision found in T.C.A. § 55–8–130:

> "55–8–130. *Vehicle entering through highway or stop intersection.*—(a) The driver of a vehicle shall stop as required by § 55–8–149 at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

It can be seen that a person on a through street or highway must, nevertheless, yield the right-of-way to a vehicle that has already lawfully entered the intersection. "The mere fact that one vehicle has the right-of-way over another at a street intersection does not relieve the driver thus favored from the duty of exercising due care not to injure others at the street intersection." *Nash-Wilson Funeral Home v. Greer,* 57 Tenn.App. 191 at 197, 417 S.W.2d 562 at 565 (1966). This duty is further amplified in the above case as "a basic requirement of due care in the operation of an automobile that the driver keep a reasonably careful lookout for traffic on the highway" and "to see all that comes within the radius of his line of vision, both in front and to the side." 417 S.W.2d at 198 (quoting *Hadley v. Morris,* 35 Tenn.App. 534, 249 S.W.2d 295 (1951).

The Trial Judge resolved the factual issues in favor of the plaintiff and we cannot find on the basis of the record that the evidence preponderates against his decision. Therefore the judgment of the Trial Court is affirmed.

The appellee asserts that this is a frivolous appeal and that the appellant should be taxed with the appellee's attorney's fees along with the other costs. We are of the opinion that this contention is without merit. This is not a frivolous appeal.

The costs on appeal are taxed to the appellant.

AFFIRMED.

TODD, J., and T. MACK BLACKBURN, Special Judge, concur.